# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2010

No. 10-60184
Summary Calendar

Lyle W. Cayce
Clerk

ALBERTICO IBARRA

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A018 950 395

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Albertico Ibarra, a native and citizen of Mexico, petitions for review of the order reinstating his 1999 deportation order. He avers that his due process and equal protection rights were violated during his prior removal hearing because (1) the immigration judge (IJ) did not inform him of his eligibility for any form of relief from removal and (2) counsel did not timely file applications for discretionary relief and did not challenge the criminal grounds for his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60184

removability. Ibarra also challenges a 2009 indictment charging him with illegally reentering the United States after his prior removal. Ibarra's challenge to the indictment in his underlying reentry case is premature because the district court has not reached a final disposition in that case. Ibarra remains free to raise any defenses in the course of that criminal proceeding.

This court reviews questions of law as to jurisdiction de novo. *See Ramirez-Molina v. Ziglar*, 436 F.3d 508, 513 (5th Cir. 2006). The REAL ID Act did not alter the jurisdictional requirements that: (1) administrative remedies must be exhausted prior to seeking judicial review of a removal order[1] and (2) a collateral attack on a prior deportation order may be considered by this court only if the initial deportation proceedings involved a gross miscarriage of justice. *Id.* at 514.

Ibarra cannot establish a gross miscarriage of justice in his underlying removal proceeding because he conceded his removability and failed to appeal the IJ's 1999 removal order before the Board of Immigration Appeals and this court. *See id.* Moreover, Ibarra affirmatively declined to make a statement contesting the reinstatement determination. As Ibarra has not demonstrated that there was a gross miscarriage of justice, we lack jurisdiction to consider his collateral challenges to the underlying removal order, and the petition is dismissed on that basis. *See id.* at 514-15.

DISMISSED FOR LACK OF JURISDICTION.

---

[1] A court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. 1252(d).